UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT,

       Plaintiff,                      CIVIL ACTION NO. 07-10459

     v.                                DISTRICT JUDGE MARIANNE O. BATTANI

NITIN AMBANI, *et al.*,         MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that the defendants violated his constitutional rights with respect to his medical treatment. The matter comes before the court on defendant Ambani's Motion to Dismiss and for Summary Judgment (D/E # 40). For the reasons discussed below, the court recommends that Ambani's motion to dismiss be **GRANTED** and that the claims against him be dismissed because they are beyond the statute of limitations and because plaintiff failed to properly exhaust his administrative remedies. In addition, the court recommends that Ambani's motion for summary judgment be granted as to plaintiff's claims regarding his treatment for cancer, but denied as to the claims regarding Ambani's refusal to give plaintiff pain pills.

**II. Background**

Plaintiff is serving a life sentence and is currently incarcerated at the G. Robert Cotton Correctional Facility, in Jackson Michigan. Since 1979, plaintiff has, at all times, been in the custody of the Michigan Department of Corrections. (Complaint, ¶¶ 7, 55.) Plaintiff has been diagnosed with prostate cancer (Complaint, ¶¶ 50, 52-53)

On January 29, 2007, plaintiff filed a complaint against defendants pursuant to 42 U.S.C. § 1983 (D/E # 1). In Count I, plaintiff alleged that defendants Ambani, Faghihnia, and Antonini violated plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution by willfully denying medical care for plaintiff's cancer pain (Complaint, ¶ 98). Specifically, plaintiff alleged that Ambani, with knowledge of plaintiff's serious medical needs, breached his duty of reasonable care when he refused to obtain the truth about plaintiff's health even though he was uncertain if the tumor within plaintiff was cancerous (Complaint, ¶¶ 99-100). According to plaintiff, Ambani's actions caused plaintiff's treatment to be delayed for two years and plaintiff's tumor developed into cancer (Complaint, ¶ 100). Plaintiff also alleged in Count I that Ambani refused to give plaintiff pills for plaintiff's back pain and plaintiff was forced to endure periods of intense pain and discomfort (Complaint, ¶ 100).

In Count II, plaintiff alleged that Ambani breached his duty of reasonable care by causing plaintiff to suffer for more than two years in "wonderment of whether plaintiff was denying of cancer" (Complaint, ¶¶ 108-109). Plaintiff contends that Ambani took no action following the March 25, 2002 test that showed a mildly elevated PSA and did not rule out cancer (Complaint, ¶¶ 27, 31-32) and the same constitutes deliberate indifference.

Count III is unrelated to this motion as it involves an allegation against only defendant Sullivan (Complaint, ¶¶ 112-113).

In Count IV, plaintiff alleged that all defendants denied him adequate medical care, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution by intentionally denying plaintiff adequate medical care (Complaint, ¶ 116).

On September 14, 2007, Ambani filed his motion to dismiss and for summary judgment (D/E # 40). Ambani first argues that plaintiff's claims against him are barred by the statute of limitations because plaintiff's claims accrued, at the latest, on March 25, 2002 and plaintiff did not file this action within three years of that date. Ambani also argues that plaintiff has neither pled nor demonstrated deliberate indifference, and therefore Ambani is entitled to dismissal or summary judgment. According to Ambani, plaintiff was not denied medical treatment and plaintiff was provided standard testing and informed that he did not need treatment in 2002 because his biopsies revealed that he did not have cancer at that time. Ambani further argues that plaintiff failed to exhaust the necessary administrative remedies prior to filing this action because both his initial grievance filing and his Step III appeal were untimely.

On September 24, 2007, plaintiff filed a response to Ambani's motion (D/E # 43). Initially, plaintiff asserted that Ambani is merely raising the same issues he raised his affirmative defenses and that this Court has already addressed them in a previous report and recommendation. Plaintiff argues that the statute of limitations does not bar his claims as he timely filed this action after he became aware of his injuries. Plaintiff also argues that he has sufficiently shown deliberate indifference as the circumstantial evidence in this case showed that

Ambani was aware of plaintiff's medical needs and disregarded the clear risk to plaintiff's health by failing to take reasonable measures to abate the tumor by removing it or testing it to be certain that there was no cancer. Plaintiff further argued that he should be deemed to have properly exhausted his administrative remedies because the prison ruled on the merits of his grievance at Steps I and II of the grievance process.

On October 3, 2007, Ambani filed a reply to plaintiff's response (D/E # 46). In addition to reiterating his earlier arguments, Ambani argues that, contrary to what plaintiff asserted, there was no finding of a tumor in 2002.

### III. Discussion

#### A. Statute of Limitations

In Wilson v. Garcia, 471 U.S. 261, 266, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here), the Supreme Court held that, because 42 U.S.C. § 1983 contains no statute of limitations, a federal court considering an action brought under that statute must borrow the state statute of limitations that is "most analogous" to apply to the § 1983 claim. Wilson, 471 U.S. at 275. The Court then concluded that the most analogous cause of action under state law to § 1983 is a tort action for personal injuries. Wilson, 471 U.S. at 279. Thus, federal courts must apply the state statute of limitations for personal injury claims in all § 1983 cases. In Michigan, the general statute of limitations for personal injury actions is three years. See Mich. Comp. Laws Ann. § 600.5851. Therefore, plaintiff had three years to bring him claims against Ambani from the time his claims accrued.

Although statutes of limitations and tolling principles are governed by state law, the question of when civil rights claims accrue remains one of federal law. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1107 (6th Cir.1995); Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984). Generally, a civil rights cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that is the basis of his action. Friedman v. Estate of Presser, 929 F.2d 1151, 1159 (6th Cir.1991); Sevier, 742 F.2d at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." Sevier, 742 F.2d at 273.

As discussed above, plaintiff made three specific claims against Ambani in this case. Plaintiff's first claim against Ambani is that Ambani, with knowledge of plaintiff's serious medical needs, breached the duty of reasonable care when he refused to obtain the truth of plaintiff's health even though he was uncertain if the tumor within plaintiff was cancerous (Complaint, ¶¶ 99-100). Allegedly, the tumor existed at the time of the March 25, 2002 test showing that plaintiff had a mildly elevated PSA, but no evidence of prostate carcinoma (Complaint, ¶ 27, 38). In response to those test results, Ambani allegedly told plaintiff to see plaintiff's family physician in a year or so, despite the fact that Ambani did not rule out prostate cancer and he acknowledged that the cancer could be developing or simply missed (Complaint, ¶¶ 27, 31-32). According to plaintiff, Ambani's actions caused plaintiff's treatment to be delayed for two years and plaintiff's tumor developed into cancer (Complaint, ¶ 100).

Given those allegations in plaintiff's first claim against Ambani, the claim accrued on March 25, 2002, for that was the date in which Ambani is alleged to have refused to act in

response to the test. While plaintiff argues in his brief that his claim only accrued after he learned that he had cancer, the language of the complaint clearly states that Ambani's breach of duty occurred on that date and that plaintiff knew of the breach. Plaintiff's knowledge of the alleged breach, and consequently his knowledge of the basis of his cause of action, can be seen in the portions of the complaint detailing his efforts to get Ambani to treat him further on that date (Complaint, ¶¶ 30-36).

According to plaintiff's second claim against Ambani, Ambani refused to give plaintiff pills for plaintiff's back pain and, consequently, plaintiff was forced to endure periods of intense pain and discomfort (Complaint, ¶ 100). Count II does not expressly state when this refusal occurred, but another part of the complaint suggests that the back pain was connected to plaintiff's prostate problems and that the refusal to give plaintiff pills also occurred on March 25, 2002 (Complaint, ¶ 100). Moreover, the grievance plaintiff filed against Ambani for the refusal to give plaintiff pain pills also suggests that the incident occurred on March 25, 2002 (Step I Grievance SMN 06050055120, attached as part of Exhibit 1 of plaintiff's complaint). Given his allegations, plaintiff knew of both the breach of duty and of his back pain on that date, and therefore his cause of action for the denial of pain pills also accrued on March 25, 2002.

According to plaintiff's third claim against Ambani, Ambani breached his duty of reasonable care by causing plaintiff to suffer for more than two years in" wonderment of whether plaintiff was denying of cancer" (Complaint, ¶¶ 108-109). Once again, it is clear from that allegation that the breach and the injury began on March 25, 2002, and that plaintiff's claim also accrued on that date.

Given that all three of plaintiff's claims accrued on March 25, 2002, he had three years from that date to bring his claim, absent any tolling. As noted by Ambani, although Michigan law at one time did toll the limitations period during a person's incarceration, in 1994 the Michigan legislature amended the tolling statute to remove imprisonment as a disability tolling the statute of limitations. See 1993 Mich. Pub. Acts 78 (effective Apr. 1, 1994); see also, Wallace v. Engler, No. 95-40273, 1997 WL 111777, *6 (E.D. Mich. January 28, 1997). Thus, plaintiff needed to file his complaint on or about March 25, 2005. Although a statute of limitations is tolled while plaintiff exhausted his administrative remedies, Brown v. Morgan, 209 F.3d 595, 596 (6th Cir.2000), citing Harris v. Hegmann, 198 F.3d 153, 157-59 (5th Cir.1999) (per curiam), here, plaintiff's grievance against Ambani was received after the statute of limitations had run. The Step I grievance was received on April 28, 2006, and the Step III appeal was concluded on January 11, 2007 (See Step I Grievance SMN 06050055120, attached as part of Exhibit 1 of plaintiff's complaint; Step III Grievance attached as part of Exhibit 4 to plaintiff's complaint). Plaintiff's complaint was filed January 29, 2007. Because the tolling of the time period is not enough to place plaintiff's complaint, within the limitations period, the court should grant Ambani's motion to dismiss based on the statute of limitations.

**B. Legal Analysis §1983 Claim**

A prisoner's claim that his constitutional right to medical treatment was violated is analyzed under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 103-104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a

deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). To succeed on a claim of deliberate indifference, plaintiff must satisfy two elements, an objective one and a subjective one. Wilson, 501 U.S. at 300. The objective element is satisfied by a showing that plaintiff had a serious medical need. Wilson, 501 U.S. at 297. "'Where the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person,' this obviousness is itself sufficient to satisfy the objective component of the adequate medical care test." Johnson v. Karnes, 398 F.3d 868, 874 (6th Cir. 2005), quoting Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir. 2004). However if the need involves minor needs or non-obvious complaints of a serious need for medical care, the plaintiff "'must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.'" Johnson, 398 F.3d at 874, quoting Napier v. Madison County, Kentucky, 238 F.3d 739, 742 (6th Cir. 2001). To satisfy the subjective component of the adequate medical care test, the plaintiff must demonstrate that the defendant "subjectively perceived a risk of harm and then disregarded it." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).

Deliberate indifference is characterized by obduracy and wantonness, not inadvertence or good faith error. Gibson v. Foltz, 963 F.2d 851, 853 (6th Cir. 1992). Moreover, where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment, courts are reluctant to second guess medical judgments, Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976), and deliberate indifference does not include negligence in diagnosing a medical condition. Sanderfer v. Nichols, 62 F.3d 151, 154 (6th Cir. 1995)

(citations omitted). However, it is not necessary for a plaintiff to "show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" Comstock, 273 F.3d at 703, quoting Farmer, 511 U.S. at 835. Put simply, "deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Comstock, 273 F.3d at 703, quoting Farmer, 511 U.S. at 835.

**1. Motion to Dismiss**

Ambani first seeks dismissal of plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests whether a cognizable claim has been pleaded in the complaint." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). In considering whether to grant a defendant's motion to dismiss pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). A district court need not, however, accept as true legal conclusions or unwarranted factual inferences. Kottmyer, 436 F.3d at 688.

In the traditional view, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Kottmyer, 436 F.3d at 688, quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Recently, however, the Supreme Court revised the "no set of facts" portion of the Rule 12(b)(6) standard in Bell Atlantic Corp. v. Twombly, __ U.S. __, __, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Twombly held that the "famous" no-set-of-facts formulation "has earned its retirement," and instead dismissed the plaintiff's

antitrust-conspiracy complaint because it did not contain facts sufficient to "state a claim to relief that is plausible on its face." 127 S. Ct. at 1974. This standard of review does require more than the bare assertion of legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir.1996). As described in Twombly:

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true. [Twombly, 127 S.Ct. at 1964-65 (citing Fed.R.Civ.P. 8(a)).]

Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (abrogated on different grounds by Twombly, 127 S.Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Lillard, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. Wright v. MetroHealth Med. Ctr., 58 F.3d 1130, 1138 (6th Cir.1995).

In this case, Ambani argues that plaintiff merely alleged a dispute over the diagnosis and adequacy of his cancer treatment, and that such allegations are not enough to state a claim of deliberate indifference. Plaintiff makes no argument on this issue and merely cites cases without attempting to apply the law to the facts of this case.

If the district judge should determine that the action is timely brought, then Ambani's motion to dismiss because of a failure to state a claim should be denied. First, Ambani failed to address all of plaintiff's claims against him in the motion to dismiss and Ambani offers no argument with regard to plaintiff's allegation that Ambani failed to provide pain medication for plaintiff's back pain. Second, with regard to plaintiff's allegations that Ambani failed to treat him following the test, plaintiff has stated a claim upon with relief can be granted. Viewing all of plaintiff's allegations as true, he has alleged that Ambani, knowing that cancer was a possibility, that plaintiff had a tumor and that plaintiff was serving a life sentence, refused to discover the truth of plaintiff's condition and merely advised plaintiff to see plaintiff's family physician in a year, even though plaintiff would still be in prison at that time and would be unable to see his family physician. Given those claims, this court cannot say on this record that plaintiff has failed to state a claim for deliberate indifference as plaintiff has sufficiently alleged both the subjective and objective components of the claim. Plaintiff has stated claims plausible on their face and dismissal pursuant to Fed. R. Civ. Pro. 12(b)(6) is inappropriate. Twombly, 127 S. Ct. at 1974.

**2. Motion for Summary Judgment**

In the alternative, Ambani moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S.Ct. 1348 (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

In this case, Ambani submitted evidence demonstrating that plaintiff did not have a tumor and that there was no diagnosis of cancer on March 25, 2002. Ambani also submitted evidence that, in response to test showing elevated PSA level, he recommended follow up treatment and that the follow up treatment ultimately discovered plaintiff's prostate cancer.

In response to that evidence, plaintiff merely reiterates the allegations in the complaint that Ambani willfully disregarded the serious risk posed by the discovery of a tumor and plaintiff's elevated PSA. Significantly, plaintiff fails to submit any evidence demonstrating that a tumor had been discovered.

Given the evidence presented by the parties, the record taken as a whole could not lead a rational trier of fact to find for plaintiff and there is no genuine issue for trial as to plaintiff's claims alleging a failure to treat his cancer, and summary judgment in favor of Ambani would be appropriate for those claims. However, Ambani again failed to raise any argument regarding plaintiff's allegation that Ambani refused to give him pain pills and, consequently, Ambani is not entitled to summary judgment on that issue.

### C. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), 110 Stat. 1321-71, as amended 42 U.S.C. §§ 1997e et seq., "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, exhaustion of available administrative remedies is mandatory in order for prisoners to bring a claim in federal court. Jones v. Bock, --- U.S. ----, ----, 127 S.Ct. 910, 914, 166 L.Ed.2d 798 (2007); Woodford v. Ngo, --- U.S. ----, ----, 126 S.Ct. 2378, 2383, 165 L.Ed.2d 368 (2006). Not only must the prisoner exhaust all available remedies but such exhaustion must be proper, including "compliance with an agency's deadlines and other critical procedural rules." Woodford, 126 S.Ct. at 2386 (holding that an inmate's

exhaustion must be in compliance with applicable grievance procedures, specifically deadlines, because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Supreme Court defines proper exhaustion as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford, 126 S.Ct. at 2385 (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir.2002)) (emphasis in original).

In the present case, Ambani argues that plaintiff did not properly exhaust his administrative remedies because plaintiff's grievances through MDOC were untimely. Plaintiff filed his grievance against Ambani on April 28, 2006 (Step I Grievance SMN 06050055120, attached as part of Exhibit 1 to plaintiff's complaint). In that grievance, plaintiff alleged that his medical records reveal that Ambani made no effort to prevent the prostate cancer from growing inside plaintiff when there was an opportunity to do so, even though plaintiff made a strong request for further treatment and Ambani could not rule out cancer completely. Plaintiff also alleged that Ambani's refusal to place plaintiff in chronic care made it difficult for plaintiff to be seen by medical personnel for two years. Plaintiff further allege that he asked for pain pills for the pain in his lower back, but Ambani refused to prescribe them and stated that there was nothing Ambani could do and that he did not think the pain was connected to plaintiff's prostate issue. According to the grievance, plaintiff has suffered back pain from his prostate cancer for two years.

At Step II of the grievance process, plaintiff's claim was denied after MDOC determined that "appropriate medical care was provided for [plaintiff's] health care issue." (Step II Grievance SMN 06050055112D, attached as part of Exhibit 1 of plaintiff's complaint.)

At Step III of the grievance process, plaintiff's grievance was rejected as untimely after it was noted that, while plaintiff was complaining about a medical decision made in 2002, plaintiff did not file his grievance until April 2006 (Step III Grievance 060500902 JCF, attached as part of Exhibit 4 of plaintiff's complaint).

Exhaustion requirements are designed to deal with parties who do not want to exhaust and administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. As discussed above, administrative law does this by requiring proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." Woodford, 126 S.Ct. at 2385, quoting Pozo, 286 F.3d at 1024 (emphasis in original). In this case, plaintiff failed to timely file his grievance and, at Step III, MDOC rejected the grievance as untimely. Plaintiff has therefore failed to properly exhaust his administrative remedies and his claims against Ambani should be dismissed on this ground.

**IV. Conclusion**

For the reasons discussed above, the court recommends that Ambani's motion to dismiss be **GRANTED** on the grounds that the claims against him are outside the statute of limitations and because plaintiff failed to properly exhaust his administrative remedies as required by the

PLRA. In the alternative, the Court recommends that Ambani's motion for summary judgment be granted as to plaintiff's claims regarding treatment for cancer, but denied as to the claims regarding Ambani's refusal to give plaintiff pain pills.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                        S/Virginia M. Morgan
                                        Virginia M. Morgan
                                        United States Magistrate Judge

Dated: December 3, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on December 3, 2007.

                                                        s/Jane Johnson
                                                        Case Manager to
                                                        Magistrate Judge Virginia M. Morgan