# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES SCOTT,

        Plaintiff,

v.

NITIN AMBANI, M.D., ARDESHIR        CASE NO. 07-10459
FAGHIHNIA, M.D., MOLLY SULLIVAN, M.D.  HON. MARIANNE O. BATTANI
and AUDBERTO ANTONINI, M.D.

        Defendants.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

**I.    INTRODUCTION**

Before the Court are Plaintiff's Objections to Magistrate Judge Virginia M. Morgan's Reports and Recommendations (Doc. #31 and #47). Plaintiff objects to the Magistrate Judge's determinations that: (1) Plaintiff failed to exhaust administrative remedies in regards to his claims against Defendant Faghihnia; (2) Plaintiff failed to state a claim against Defendant Antonini as he provided Plaintiff with medical care; (3) Plaintiff failed to state a claim against Defendant Sullivan as she is not a state actor; and (4) Plaintiff was outside of the statute of limitations and failed to exhaust administrative remedies in regards to his claims against Defendant Ambani. For the reasons discussed below, the Court **ADOPTS** the R&Rs in their entirety, **GRANTS** Defendant Sullivan's Motion for Summary Judgment (Doc. # 14), Defendants Faghihnia and Antonini's Motion to Dismiss (Doc. # 9) and Defendant Ambani's Motion to Dismiss (Doc. # 40), and **DISMISSES WITH PREJUDICE** Plaintiff's Motion for

Default Judgment (Doc. # 22) and Plaintiff's complaint.

II.  **STANDARD OF REVIEW**

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

III.  **ANALYSIS**

In this suit, Plaintiff James Scott, who is serving a life sentence at G. Robert Cotton Correctional Facility, alleges that Defendants committed multiple violations of the 8th and 14th Amendments in denying Plaintiff adequate care relating to the treatment of his prostate cancer, which he was diagnosed with in 2006. Plaintiff alleges that Defendant Faghihnia denied him health care screening from 2002-2004; Defendant Antonini denied him necessary pain medication in 2006; Defendant Sullivan took a semen sample against his will in the course of treating his cancer; Defendant Ambani failed to take action after a screening in 2002 (leaving Plaintiff to wonder whether he had cancer); and all Defendants denied him adequate medical care for his condition and his pain.

### A. Defendant Faghihnia

Plaintiff contends that Defendant Faghihnia violated the 8th Amendment by failing to give him annual health care screening from October 18, 2002, to February 4, 2004, and otherwise denied Plaintiff adequate care. Defendant Faghihnia filed a motion to dismiss, challenging this claim as being past the statute of limitations, filed without exhaustion of administrative remedies, and failing to state a claim. Magistrate Judge Morgan determined that Plaintiff filed suit within the appropriate period for the statute of limitations.[1] The Magistrate Judge then found that Plaintiff did file a grievance numbered JMF-06.05.0902.12D4 against Defendant Faghihnia and that this grievance was denied at Step III for being untimely filed. The Magistrate Judge ruled that because Plaintiff's grievance was denied as untimely, Plaintiff "failed to properly exhaust his remedies regarding his claim against defendant Faghihnia and his claim should be dismissed." (Report and Recommendation, August 3, 2007, at 12).

Plaintiff objects to this report, arguing that (1) the grievance was timely because the Step I and Step II grievance coordinators did not reject it for timeliness and (2) the Step III timeliness decision was erroneous because Plaintiff did not learn of his condition until well after the incident that is the subject of this suit, and upon learning of his condition promptly filed a grievance.

The Court finds that the Magistrate Judge appropriately determined that Plaintiff has failed to exhaust administrative remedies against Defendant Faghihnia.[2] Under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e *et seq*, prison litigation brought

---

[1] A federal court considering an action brought under 42 U.S.C. § 1983 should apply the state statute of limitations for personal injury claims. <u>Wilson v. Garcia</u>, 471 U.S. 261, 266 (1985). Michigan's statute of limitations for such actions is three years, MICH. COMP. LAWS § 600.5181, and therefore Plaintiff had three years to bring his suit.

[2] As this determination resolves the claim, the Court does not reach the Magistrate Judge's conclusions as to Defendant Faghihnia's other grounds for dismissal.

under 42 U.S.C. § 1983 may only be brought after available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted").

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006). As Woodford makes clear, a grievance that is untimely filed and thus fails to meet the procedural requirements of the administrative body does not satisfy the exhaustion requirement of the PLRA. Accordingly, Plaintiff failed to avail himself of the full course of administrative remedies available to him as to each individual defendant.

Plaintiff's objection that the Step I and Step II administrators did not reject the grievance as untimely is unpersuasive. The Supreme Court's requirement for exhaustion is that "the agency address[] the issues on the merits," and a dismissal at any stage for untimely filing is not a decision on the merits. Woodford, 126 S.Ct at 2385.

Plaintiff's other argument – that administrator erred and the timeliness requirement should only apply after the point at which when he became aware of his medical condition – also fails. This argument, which Plaintiff repeats with regard to the other Defendants, is inappropriate for the claim he is making. Plaintiff's mistake appears to be confusing malpractice, which he does not allege, with the failure to provide adequate care in violation of the 8th Amendment, which is his actual claim. In both cases, the statute of limitations for the claim would begin to run when Plaintiff "knows or has reason to know of his injury which is the basis of his action." Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984). However, an 8th

Amendment claim of failure to provide inadequate care involves a "deliberate indifference to serious medical needs," Wilson v. Seiter, 501 U.S. 294, 297 (1991), which is characterized by obduracy and wantonness. Gibson v. Foltz, 963 F.2d 851, 853 (6th Cir. 1992). Therefore, the "injury which is the basis of his action," Sevier, 742 F.2d at 273, is not the alleged failure to diagnose a medical condition, but the Defendant's alleged indifference toward Plaintiff. Thus, Plaintiff would know of the injury at the time that it allegedly occurred, and any statute of limitations or timeliness requirement would begin to run at this time. Plaintiff's objections to the Report are not valid.

Therefore, the Court finds that the claims against Defendant Faghihnia must be dismissed due to Plaintiff's failure to exhaust administrative remedies.

**B.     Defendant Antonini**

Plaintiff contends that Defendant Antonini violated his constitutional rights by refusing to examine him, referring him to other doctors instead of Defendant Sullivan, and refusing to give him pain medication from February 22, 2006 until August 28, 2006. Defendant Antonini filed a motion to dismiss, challenging this claim as being past the statute of limitations, filed without exhaustion of administrative remedies, and failing to state a claim. Magistrate Judge Morgan found that Plaintiff filed suit within the appropriate period for the statute of limitations. The Magistrate Judge further determined that Plaintiff did file a grievance numbered JCF-06.07.1076.12D3 against Defendant Antonini and that this grievance was decided on the merits at Step III, therefore exhausting Plaintiff's available administrative remedies in satisfaction of the PLRA. However, the Magistrate Judge held that Plaintiff's complaint against Defendant Antonini should be dismissed because Plaintiff's claims constituted "disagreement with

defendant Antonini's medical judgment" and therefore Plaintiff "failed to allege a claim of deliberate indifference." (Report and Recommendation, August 3, 2007, at 14)

Plaintiff challenges the Report, arguing that Defendant Antonini's failure to provide Plaintiff with pain medication after his prostate cancer diagnosis constituted a willful denial of pain relief and thus qualified as deliberate indifference (Plaintiff's Objection, September 7, 2007, at 10).

The Court, having reviewed the Magistrate Judge's Report and Recommendation, agrees with the Report and Recommendation and finds that Plaintiff's complaint shall be dismissed as to Defendant Antonini. Defendant Antonini did examine Plaintiff on February 22, 2006, and at that time he made decisions about Plaintiff's course of treatment (including necessary referrals and medication) that reflected Defendant Antonini's medical judgment. Plaintiff offers no support for the theory that Defendant Antonini was, in the words of a case cited by Plaintiff, simply "delay[ing] necessary treatment for non-medical reasons." Farrow v. West, 320 F.3d 1235, 1246 (11th Cir. 2003). According to the Sixth Circuit, where a prisoner has received medical attention and the dispute is over the adequacy of the treatment, courts should be reluctant to second guess medical judgment. Westlake v. Lucas, 537 F.2d 857, 880 fn 5 (6th Cir. 1976). As Plaintiff's claim directly involves second guessing Defendant Antonini's medical judgment, Plaintiff's claim of deliberate indifference fails. Therefore, Defendants Faghihnia and Antonini's Motion to Dismiss is granted and the claims against Defendant Antonini shall be dismissed.

### C. Defendant Sullivan

Plaintiff has charged that Defendant Sullivan violated his constitutional rights by taking a

semen sample against his will and by demonstrating deliberate indifference in denying him adequate medical care.  Defendant Sullivan filed a Motion for Summary Judgment arguing that she was not a state actor and therefore cannot be held liable under 42 U.S.C. § 1983, and that Plaintiff failed to allege any facts to support a claim of deliberate indifference.  Magistrate Judge Morgan found that Plaintiff's § 1983 claim must fail as Defendant Sullivan was not an employee of the MDOC, and therefore not a state actor.  The Magistrate Judge further found that there was no evidence of deliberate indifference on the part of Defendant Sullivan.  Plaintiff objected to the Report, and claimed that Defendant Sullivan was a state actor because corrections officers were present when he visited her offices and prison medical staff administered medication prescribed by Defendant Sullivan.  (Plaintiff's Objection, September 7, 2007, at 10-11).  Plaintiff goes on to characterize Defendant Sullivan's medical decisions as "grossly inadequate" and thus evidence of deliberate indifference.  (Plaintiff's Objection, September 7, 2007, at 16).

The Court, having reviewed the Magistrate Judge's Report and Recommendation as to Defendant Sullivan's Motion for Summary Judgment, agrees with the Report and Recommendation and finds that Plaintiff's claim should be dismissed, as Defendant Sullivan is not a state actor.  To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must prove that the deprivation of the right was caused by a state actor.  Wittstock v. Mark A. Van Sile, 330 F.3d 899, 902 (6th Cir. 2003).  The test to determine whether a physician is a state actor is the relationship between the State, the doctor and the plaintiff.  West v. Atkins, 487 U.S. 42, 56 (1988).  In West, a doctor who practiced within the confines of a state prison and had contractually assumed the responsibilities of a prison doctor was acting "under color of state law."  Id. at 57.  The Magistrate Judge correctly distinguished this case from the case at hand, where Defendant Sullivan was not employed by the prison nor under contract to render medical

services to inmates.

Plaintiff's objections are irrelevant: if the presence of prison guards were enough to transform a person into a state actor, then every person to interact with a prisoner would be a state actor, as the constant presence of prison guards is an immutable fact of incarceration. Plaintiff's other argument is equally absurd: of course the prison medical staff provided Plaintiff with the medication prescribed by Defendant Sullivan – there are no other qualified parties within the prison to dispense medication, and a failure to do so would be a legitimate case of deliberate indifference. Because Defendant Sullivan is clearly not a state actor,[3] the Court grants Defendant Sullivan's Motion for Summary Judgment and dismisses Plaintiff's complaint as to Defendant Sullivan.

### D. Defendant Ambani

Plaintiff contends that Defendant Ambani violated the 8th Amendment and committed deliberate indifference by failing to follow up on a cancer screening that occurred on March 25, 2002. Plaintiff further claims that Defendant Ambani denied him pain medication at some unspecified time, presumed by the Magistrate Judge to be 2002. When Defendant Ambani failed to respond to the complaint within the required twenty days, Plaintiff filed a Motion for Default Judgment claiming that Defendant Ambani's failure to respond to the complaint should result in a default judgment being entered against him. The Magistrate Judge recommended denial of this motion, as Plaintiff failed to comply with the requirement to move for an entry of default and because Defendant Ambani provided an adequate excuse for his delay.

Defendant Ambani then filed a motion to dismiss challenging Plaintiff's claim as being

---

[3] As this determination resolves the claim, the Court does not reach the Magistrate Judge's conclusions as to Defendant Sullivan's other grounds for summary judgment.

past the statute of limitations, filed without exhaustion of administrative remedies, and failing to state a claim. The Magistrate Judge found that the claim was past the statute of limitations, as the events at the heart of the claim occurred well over three years prior to the filing of the suit. The Magistrate Judge further found that Plaintiff had failed to exhaust his administrative remedies and Plaintiff failed to state a claim of deliberate indifference. Plaintiff objected, repeating the argument addressed in Part IV-A, *supra*, that the statute of limitations did not begin until he had knowledge of his prostate cancer.

The Court has reviewed the Magistrate Judge's Report and Recommendation as to Defendant Ambani's Motion to Dismiss, and the Court agrees with the Report and Recommendation that Plaintiff's complaint should be dismissed because the statute of limitations on the claim has expired. Despite Plaintiff's arguments, the "injury which is the basis of his action," Sevier, 742 F.2d at 273, is Defendant Ambani's alleged indifference toward Plaintiff. As noted previously, Plaintiff would therefore know of the injury at the time that it occurred, and the statute of limitations would begin to run at this time. This alleged action occurred on March 25, 2002, meaning that the statute of limitations expired on March 25, 2005, well before this suit was filed. Plaintiff makes a claim in his objection that Defendant Ambani denied him pain medication in 2005 – however, there is nothing in Plaintiff's complaint regarding this, and it is therefore irrelevant.

For the reasons discussed above[4], the Court finds that the statute of limitations has expired on Plaintiff's claims against Defendant Ambani, and grants Defendant Ambani's Motion to Dismiss.

---

[4] As this determination resolves the claim, the Court does not reach the Magistrate Judge's conclusions as to Defendant Ambani's other grounds for dismissal.

## IV. CONCLUSION

For the reasons set forth above, the Report and Recommendation of December 3, 2007 and the Report and Recommendation of August 24, 2007 are **ADOPTED**. Defendants Faghihnia and Antonini's Motion to Dismiss (Doc. #9), Defendant Sullivan's Motion for Summary Judgment (Doc. #14), and Defendant Ambani's Motion to Dismiss (Doc. #40) are **GRANTED**. Accordingly, Plaintiff's Motion for Default Judgment (Doc. #22) is **DENIED** and Plaintiff's Complaint is **DISMISSED** in its entirety **WITH PREJUDICE**.

**IT IS SO ORDERED.**

s/Marianne O. Battani

MARIANNE O. BATTANI

UNITED STATES DISTRICT JUDGE

DATED: February 29, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt

DEPUTY CLERK