UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT,

        Plaintiff,

v.

        Case Number: 07-10459

        HON. MARIANNE O. BATTANI

AUDBERTO ANTONINI, M.D.,

        Defendant.
_____/

**OPINION AND ORDER OVERRULING DEFENDANT ANTONINI'S OBJECTIONS TO REPORT AND RECOMMENDATION AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff James Scott filed this *pro se* § 1983 action alleging that Defendant Audberto Antonini denied him medical treatment in violation of the Eighth and Fourteenth Amendments while he was incarcerated by the Michigan Department of Corrections. Before the Court are Defendant Antonini's Objections to Report and Recommendation Denying Defendant's Motion for Summary Judgment (Doc. 82). For the reasons that follow, the Court **OVERRULES** Defendant's Objections, **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 80), and **DENIES** Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Doc. 72).

**I.    BACKGROUND**

On January 29, 2007, pursuant to 42 U.S.C. § 1983, Plaintiff James Scott filed a complaint alleging that Dr. Audberto Antonini and three other doctors deprived him of his constitutional right to medical treatment while he was serving a life sentence at the G. Robert Cotton Correctional Facility in Jackson, Michigan. (Doc. 1). Plaintiff contends that

Defendant Antonini was deliberately indifferent to his medical needs that arose after he had undergone radiation treatment for prostate cancer. The Court referred this matter to Magistrate Judge Virginia S. Morgan for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 10).

On February 29, 2008, the Court accepted Magistrate Judge Morgan's recommendation that Plaintiff's entire Complaint be dismissed. (Doc. 52). Plaintiff appealed the Court's dismissal to the Sixth Circuit. (Doc. 57). The Sixth Circuit affirmed the Court's ruling as to all the defendants except for Antonini and remanded the case for further proceedings on Plaintiff's deliberate indifference claim against Antonini. Scott v. Ambani, 577 F.3d 642 (6th Cir. 2009).

After the remand, Defendant Antonini filed a motion for summary judgment under Rule 56. (Doc. 72). In the Report and Recommendation ("R&R"), Magistrate Judge Morgan recommended that the Court should deny Defendant's motion. (Doc. 80). The Magistrate Judge concluded that Plaintiff has shown a genuine issue of material fact as to whether he suffered a "sufficiently serious" medical need; whether Defendant subjectively disregarded Plaintiff's medical needs, and whether the alleged delay in treatment caused any serious medical injury. Defendant's timely Objections to that R&R are now before the Court. (Doc. 82).

## II. STANDARD OF REVIEW

In cases where a magistrate judge has submitted a report and recommendation, and a party has properly filed objections to it, the district court must conduct a *de novo* review of those parts of the report and recommendation to which the party objects. 28 U.S.C. §

636(b)(1)(C).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  Id.

The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge.  Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### III.  ANALYSIS

Defendant raises three objections to the R&R.  First, he argues that there is not sufficient evidence from which a reasonable jury could conclude that Plaintiff's testicular lump and associated pain was a serious medical need.  Second, Defendant contends that there is not sufficient evidence to show that he disregarded an excessive risk to Plaintiff's health and safety.  Finally, Defendant claims that Plaintiff has brought forth no evidence to suggest that any alleged delay in treatment worsened his condition or caused any detrimental effects. Before addressing each objection, the Court reviews the applicable law concerning Plaintiff's "deliberate indifference" claim.

**Deliberate Indifference**

The Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward [his] serious medical needs."  Jones v. Muskegon County, 625 F.3d 935, 941 (6th Cir. 2010) (quoting Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004)).  A Section 1983 claim asserting a constitutional violation for denial of medical care has two components: an objective and a subjective.  Id.

3

The objective component requires a plaintiff to establish the existence of a "sufficiently serious" medical need. Id. (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). The Sixth Circuit defined a "sufficient serious" medical need as one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008)). Additionally, "the seriousness of a prisoner's medical needs 'may also be decided by the effect of delay in treatment.' " Blackmore, 390 F.3d at 898 (quoting Hill v. Dekalb Reg'l Youth Det. Center, 40 F.3d 1176, 1188 (11th Cir. 1994)).

The subjective element requires "an inmate to show that prison officials have a sufficiently culpable state of mind in denying medical care." Jones, 625 F.3d at 941 (quoting Blackmore, 390 F.3d at 895). Prison officials have a "sufficiently culpable state of mind" when they act with "deliberate indifference" to an inmates serious medical need. Farmer, 511 U.S. at 834. To establish a prison official's "deliberate indifference," a plaintiff must show that the official: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk. Jones, 625 F.3d at 941 (citing Farmer, 511 U.S. at 837); see also, LeMarbe v. Wisneski, 266 F.3d 429, 435-36 (6th Cir. 2001).

**Objection #1 - Serious Medical Need**

To survive summary judgment on this issue, Plaintiff must show a question of fact regarding whether he had a serious medical need. He has made such a showing. It is well established that pain can be a "sufficiently serious" medical need for purposes of a deliberate indifference claim. See, Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991) (recognizing that "a prisoner who suffers pain needlessly when relief is readily

4

available has a cause of action against those whose deliberate indifference is the cause of his suffering."); Ralston v. McGovern, 167 F.3d 1160, 1162 (7th Cir. 1999) (reversing grant of summary judgment to prison guard who failed to provide pain medication to inmate); McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999) ("[P]rison officials may violate the Eighth Amendment's commands by failing to treat an inmate's pain."); Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997) (finding that "substantial back pain" was a serious medical need).

Here, about six months after he completed an extensive radiation treatment plan for prostate cancer (Doc. 72 Ex. A at 665, 686), Plaintiff made numerous reports to the prison medical staff that he was suffering from severe pain and that he found a new lump on his testes. (Doc. 72 at 2-9). Plaintiff's complaints of pain are chronicled in the grievance record (Doc. 77 Ex. L) and are corroborated by his affidavit (Doc. 77 Ex. P). Specifically, he complained of severe back and leg pain and was concerned that the newly discovered testicular lump (which was also painful) could be a sign that his cancer had returned. Also, Plaintiff contends Defendant's treatment notes do not accurately reflect the numerosity, nor the severity of his complaints. Plaintiff avers there were multiple occasions on which Defendant did not record his complaints of pain. (Doc. 72 at 7-9). Accordingly, a reasonable juror could conclude that Plaintiff's multiple complaints of severe and constant pain is a "sufficiently serious" medical need requiring medical treatment.

**Objection #2 - Deliberate Indifference to Plaintiff's Serious Medical Need**

Plaintiff has established a genuine issue of material fact as to whether Defendant knew of and disregarded an excessive risk to Plaintiff's health and safety. It is undisputed that Plaintiff was recovering from his radiation treatment under Defendant's care. As discussed above, Plaintiff alleges that Defendant knew of, but did not document several

5

reports of his pain. To corroborate the existence of those complaints further, Plaintiff shows the Court records from prison nurses which indicate that he complained about his testicular lump and related pain. (Doc. 72 Ex. M). He also explains that the nurses presumably discuss recorded symptoms with the treating doctor before scheduled appointments. In particular, one of those records suggests that Defendant deliberately chose not to see Plaintiff despite having knowledge of his painful symptoms. (Doc. 72 Ex. M at 3). After multiple visits in which Plaintiff repeatedly complained of pain, Defendant did not provide Plaintiff with pain medication. Notably, shortly after Plaintiff left Defendant's care, he received pain medication from other treating doctors. (Doc. 72 Ex. K). Drawing all favorable inferences, Plaintiff has put forth enough evidence to suggest that Defendant knew of and disregarded excessive health and safety risks related to Plaintiff's post-radiation treatment condition. The ultimate resolution of that issue is for the jury to decide.

**Objection #3 Delay in Treating the Serious Medical Need**

Defendant is not entitled to summary judgment on Plaintiff's deliberate indifference claim based on a "delayed treatment" theory. In the Sixth Circuit, to the extent a plaintiff premises a deliberate indifference claim on a delay in treatment, if the need for treatment "involves minor maladies or non-obvious complaints of a serious need for medical care, then a plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." Johnson v. Karnes, 398 F.3d 868, 874 (6th Cir. 2005) (quotations omitted). On the other hand, if the "need for medical care is obvious even to a lay person," then a plaintiff need not supplement with verifying medical evidence. Id.

Defendant's objection assumes Plaintiff has a minor, non-obvious complaint. From that assumption, Defendant concludes that Plaintiff has provided no evidence that the

alleged delay in treating his newly found lump, or failure to prescribe pain medication, worsened Plaintiff's condition or caused additional harm. In fact, it was ultimately determined that Plaintiff's lump was a cyst, which had resolved on its own and has not reoccurred. (Doc. 82 Ex. A at 627). However, Plaintiff has introduced sufficient evidence which could support a finding that his medical concerns were obvious to a lay person.

Given Plaintiff's numerous complaints of pain, coupled with a newly discovered testicular lump and the fact that he was recovering from over thirty radiation treatments for his prostate cancer, a reasonable jury could conclude that he had an "obvious need for medical care." Therefore, Plaintiff is not required to supplement the record with additional medical evidence that his condition worsened. Under that scenario, the alleged delay in treatment was not Defendant's failure to diagnose or treat the lump, rather, it was the failure to treat his severe pain, whether that pain was caused by recent radiation treatments, his spinal condition, and/or the testicular lump. In the end, a jury must decide the detrimental effects of Plaintiff's delayed treatment. See, Scott, 577 F.3d at 648 ("Whether a prisoner has suffered unduly by the failure to provide medical treatment is to be determined in view of the totality of the circumstances. In making this determination the trier of fact should consider the practicalities of the situation including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention." (quotations omitted)); see also, Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 829 (7th Cir. 2009) (collecting cases holding that "delays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim.").

7

## IV.     CONCLUSION

For the reasons stated above, the Court **OVERRULES** Defendant's Objections (Doc. 82), **ADOPTS** the Magistrate Judge's R&R (Doc. 80), and **DENIES** Defendants' Motion for Summary Judgment (Doc. 72).

**IT IS SO ORDERED.**


                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

Dated: February 15, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff and Counsel for the Defendant on this date by ordinary mail and/or electronic filing.

                                          s/Bernadette M. Thebolt
                                          Case Manager