UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SCOTT,

        Plaintiff,

v.

AUDBERTO ANTONINI, M.D.,

        Defendant.
                                  /

Case Number: 07-10459

HON. MARIANNE O. BATTANI

### ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 15, 2011 OPINION AND ORDER DENYING DEFENDANT'S MOTION TO SUMMARY JUDGMENT

Before the Court is Defendant Antonini's Motion For Reconsideration Of Court's February 15, 2011 Opinion and Order Denying Defendant's Motion for Summary Judgment. (Doc. 90). For the reasons that follow, Defendant's motion is **DENIED**.

### I.    BACKGROUND

Plaintiff James Scott filed this *pro se* § 1983 action alleging that Defendant Audberto Antonini denied him medical treatment in violation of the Eighth and Fourteenth Amendments while he was incarcerated by the Michigan Department of Corrections ("MDOC"). (Doc. 1). The Court referred this matter to Magistrate Judge Virginia S. Morgan for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 10).

Defendant Antonini filed a motion for summary judgment under Rule 56. (Doc. 72). In the Report and Recommendation ("R&R"), Magistrate Judge Morgan recommended that the Court should deny Defendant's motion. (Doc. 80). Defendant filed Objections to the R&R. (Doc. 82). On February 12, 2011, the Court overruled Defendant's objections,

adopted the R&R, and denied Defendant's motion for summary judgment. (Doc. 88). Defendant filed a timely motion for reconsideration. (Doc. 90).

## II.   STANDARD OF REVIEW

The Court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. E.D. Mich. L.R. 7.1(g)(3). To obtain the relief requested, the movant must demonstrate: (1) a "palpable defect" by which the court and the parties have been misled and (2) demonstrate that "correcting the defect will result in a different disposition of the case." Id.; see also, Graham ex rel. Estate of Graham v. County of Washtenaw, 358 F.3d 377, 385 (6th Cir.2004); Aetna Cas. and Sur. Co. v. Dow Chemical Co., 44 F.Supp.2d 865, 866 (E.D. Mich. 1999). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. Armstrong v. Eagle Rock Entertainment, Inc., 655 F.Supp.2d 779 (E.D. Mich. 2009) (quoting United States v. Lockett, 328 F.Supp.2d 682, 684 (E.D. Mich. 2004)).

## III.   ANALYSIS

Defendant has failed to meet the demanding requirements for relief under Local Rule 7.1(g)(3). The Court finds one main argument in Defendant's twenty-page brief: The Court made a palpable defect by allowing Plaintiff's "self-serving" affidavit to create a genuine issue of material fact. The Court disagrees.

First, the Court has already considered Defendant's attack on Plaintiff's affidavit. Defendant raised this challenge in his Objections to the R&R. (Doc. 82 at 18). The February 12th Opinion's reliance on Plaintiff's affidavit shows that the Court reviewed and rejected Defendant's position. The instant motion simply repeats the same argument and adds nothing new to the analysis.

Second, the Court's Opinion makes clear that although Defendant's affidavit is a large part of why the Court denied Defendant's summary judgment motion, it is not the sole reason. The medical records show that Plaintiff made repeated complaints of pain to MDOC staff. (Doc. 90 at 4-5). The prison grievance record shows that Plaintiff complained of Defendant's non-treatment of his pain. (Doc. 77 Ex. L). The medical records also show that at least one nurse talked to Defendant about Plaintiff's pain, laying the foundation for the fair inference that Plaintiff told nurses about his pain, the nurses told Defendant, but Defendant deliberately chose not to provide treatment. (Doc. 77 Ex. M at 3). Plaintiff's affidavit, and other record evidence, sufficiently create a genuine issue of material fact regarding the circumstances of Plaintiff's pain and whether Defendant knew of his pain, but deliberate chose not to treat it.

Finally, this is not a case in which the objective evidence in the record "blatantly contradicts" Plaintiff's version of the facts. See e.g., Scott v. Harris, 550 U.S. 372 (2007) (videotape contradicted non-movant's affidavit); White v. Georgia, 380 F. App'x 796, 798 (11th Cir. 2010) (refusing to credit the plaintiff's testimony that she was shot where the medical records conclusively established that her injuries where not caused by a gunshot); Cooper v. City of Rockford, 2010 WL 3034181, at *2 n. 3 (N.D. Ill. Aug. 17, 2010) (refusing to credit a witness statement that the victim was running away when he was shot because the autopsy report was clear that the bullet entered the victim from the front). As discussed above, Plaintiff's affidavit has some record support. Moreover, even if certain portions of Plaintiff's affidavit are "blatantly contradicted" by his medical records, the Court is not permitted to discredit his entire version of events. Coble v. City of White House, Tenn., --- F.3d ---, 2011 WL 475008, *5 (6th Cir. 2011) ("We allow cases to proceed to trial even though a party's evidence is inconsistent, because in reviewing a summary judgment

motion, credibility judgments and weighing of the evidence are prohibited." (citations omitted)). The Court cannot say that Plaintiff's version of the events was so utterly discredited by the record that no reasonable jury could believe it. Accordingly, Plaintiff is entitled to have a jury pass on his claim.

## IV. CONCLUSION

For the reasons stated above, Defendant Antonini's Motion For Reconsideration Of Court's February 15, 2011 Opinion and Order Denying Defendant's Motion for Summary Judgment (Doc. 90) is **DENIED**.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Dated: March 9, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were served upon Plaintiff, James Scott, and counsel for the Defendant, on this date by ordinary mail and electronic filing.

        s/Bernadette M. Thebolt
        Case Manager